## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN T. PARK,

    Appellant,

     v.

DEPARTMENT OF THE NAVY,

    Agency.

DOCKET NUMBER
SF-0752-14-0275-I-1

DATE: November 3, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Elbridge W. Smith</u>, Esquire, Honolulu, Hawaii, for the appellant.

<u>Jason Zhao</u>, Pearl Harbor, Hawaii, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his appeal as settled. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant filed an appeal challenging his indefinite suspension from the position of Combined Trades Supervisor II. Initial Appeal File (IAF), Tab 1. The parties subsequently entered into a settlement agreement in which the appellant agreed to withdraw his appeal of the indefinite suspension. IAF, Tab 8. After signing and submitting the settlement agreement to the administrative judge on February 28, 2014, the appellant's representative and the agency representative became aware of the Board's decision in *Jones v. Department of the Navy*, 120 M.S.P.R. 607 (2014), and the appellant moved to have the agreement revoked as mutual mistake. IAF, Tab 9; Initial Decision (ID) at 2 n.1. The appellant also argued that the settlement agreement was flawed because it did not include notification of a 7-day right of revocation under the Older Workers Benefit Protection Act of 1990 (OWBPA), which it should have included because he "asserted discriminatory treatment in his appeal." IAF, Tab 9. The agency opposed the appellant's motion. IAF, Tab 10.

¶3      The administrative judge found that the parties' lack of knowledge of case law does not meet the appellant's burden to establish mutual mistake. ID at 2 n.1. The administrative judge found further that, to the extent the appellant claims that

the settlement agreement failed to include notification of a 7-day right of revocation under the OWBPA, the appellant did not raise a claim of age discrimination, and thus, the revocation rights under the OWBPA did not attach in this case. ID at 2 n.1.[2] Thus, the administrative judge found no basis upon which to permit the appellant's request to revoke the settlement agreement. ID at 2 n.1.

¶4        On review, the appellant reasserts that his claim of age discrimination cannot be waived unless, in executing the settlement agreement, the agency complied with the provisions of the OWBPA and that he effectively revoked the settlement agreement 1 day after it was signed, as provided for under the OWBPA. Petition for Review (PFR) File, Tab 3. Specifically, the appellant argues that the settlement agreement was not in compliance with the OWBPA because he "alleged discrimination" in his appeal. *Id.* at 6. The record reflects, however, that the appellant never alleged in his appeal that the agency discriminated against him on the basis of age. *See* IAF, Tab 1; *see also Lange v. Department of the Interior*, 94 M.S.P.R. 371, ¶ 5 (2003) ("Before accepting a settlement agreement in an appeal *where age discrimination has been alleged*, the Board must first verify that the agency has complied with the provisions of the OWBPA") (emphasis added). In fact, the appellant's appeal does not include a single reference to age discrimination, and the only indication in his appeal that he was alleging any form of a discriminatory act by the agency is the appellant's statement in his appeal that the removal "penalty is overly harsh and discriminatory, because other employees have used drugs, but have not been disciplined, or were disciplined much less harshly than me." IAF, Tab 1. This statement does not allege, however, that the appellant believed he was being discriminated against based on age. Rather, the appellant appears to be alleging a

---

[2] The administrative judge further found that the 7-day period in which to revoke a settlement agreement does not apply to settlement agreements in Board appeals. We need not reach this issue because, as discussed below, the appellant did not raise a claim of age discrimination in his appeal.

claim of disparate penalties based on his claim that other employees who have used drugs have been treated less harshly than he was treated. *See Munoz v. Department of Homeland Security*, 121 M.S.P.R. 483, ¶ 14 (2014) (an appellant's allegation that the agency treated him disparately as compared to another employee, without a claim of prohibited discrimination, is an allegation of disparate penalties to be considered by the Board in determining the reasonableness of the penalty, but it is not an affirmative defense).

¶5        In this connection, the appellant also argues that the administrative judge erred by failing to consider his March 4, 2014 discovery response in which he alleged age discrimination. PFR File, Tab 3. However, the parties entered into a settlement agreement and submitted it to the administrative judge on February 28, 2014. IAF, Tab 8. The record indicates that the appellant notified the administrative judge on March 3, 2014, that he wished to revoke the agreement based on claims that he asserted "discriminatory treatment" in his appeal and because he had just became aware of the Board's decision in *Jones*. IAF, Tab 9. We note that the appellant's motion to revoke the settlement agreement also did not specify an age discrimination claim. *Id*. Furthermore, while the appellant's responses to the agency's discovery requests may have included such a claim for the first time, those answers are not in the record as they were prepared after the parties entered a valid settlement agreement into the record resolving the appeal.

¶6        Finally, the appellant also reasserts his claim that the settlement agreement should be set aside based upon mutual mistake. PFR File, Tab 6 at 4. The appellant contends that, because he and the agency were unaware of recently issued Board case law, the settlement agreement should be set aside. *Id*. We have considered the appellant's arguments on review, however, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-106 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a

whole, drew appropriate inferences, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). In this case, the administrative judge thoroughly addressed the appellant's claim of mutual mistake and correctly found that the parties' lack of knowledge of case precedent does not meet the appellant's burden of establishing a mistake of fact as set forth in *Atlas Corp. v. United States*, 895 F.2d 745, 750 (Fed. Cir. 1990). The administrative judge also correctly found that mutual mistake is not established if a settlement agreement is entered by the appellant on the basis of his incorrect understanding of Board law. *See Gregory v. Office of Personnel Management*, 66 M.S.P.R. 691, 698, *aff'd*, 64 F.3d 677 (Fed. Cir. 1995) (Table). Thus, while the appellant would like to revoke the settlement agreement because he was unaware of new case law that may have supported his case, his post-settlement remorse or change of heart cannot serve as a basis for setting aside a valid settlement agreement. *See Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 4 (2013). Accordingly, the appellant has provided no basis upon which to disturb the initial decision dismissing this appeal as settled.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:           _____
                         William D. Spencer
                         Clerk of the Board

Washington, D.C.